Gentlemen, so first case, Bianchi v. McQueen. Ms. Stanker. Good morning. May it please the court, counsels, my name is Tracy Stanker and I represent the plaintiffs. This case arises out of two politically motivated investigations of McHenry County State's Attorney Lou Bianchi and his employees during which the defendants fabricated false evidence which caused the arrest and prosecutions of the plaintiffs without probable cause. The issues in this appeal are threefold. Number one, did the plaintiffs state a constitutional claim under 1983 for false arrest, due process, and retaliatory prosecution? Number two, is defendant McQueen entitled to absolute immunity? And number three, are all of the defendants entitled to qualified immunity? It seems to make the most sense to start with the issue of whether or not the plaintiffs have in fact pled a constitutional claim. Specifically, I will start with the plaintiffs' due process claims in light of the court's recent decision in Saunders v. Roe. As you are aware, the plaintiffs' due process claims are based on a theory supported by the allegations in the complaint that during two separate investigations the defendants fabricated evidence, false evidence against the plaintiffs, that they concealed exculpatory evidence from the special state's attorney. That the special state's attorney, in reliance on that fabricated evidence and in ignorance of the exculpatory evidence, initiated two separate prosecutions against the plaintiffs. That the plaintiffs would not have been indicted but for this fabricated evidence and the fact that the exculpatory evidence had been concealed from the special state's attorney. Now all four plaintiffs were arrested, but they were all released on bond pending the respective trials. Plaintiff Bianchi was acquitted in both of his criminal prosecutions. Plaintiff Sinek was also acquitted, and the other two plaintiffs had their cases dismissed by the trial court. Well, the defendant's principal argument is that because of those acquittals, all they have left that they can complain about is malicious prosecution to the state. In our briefs, we made an argument that even though the plaintiffs were in fact acquitted, that they were released on bond pending appeal, that they still had suffered a due process violation. Now as your court is aware, in Saunders v. Rode, which was... But what harm did they suffer? What damages would they receive? Our position was that as a result of being indicted based on false evidence, that that was a due process violation. Yes, that's your position, but you have to deal with our holding in Saunders L. that somebody who is acquitted does not have a due process claim. There is no question that the decision in Saunders v. Rode, this court told the plaintiffs, they do not have a due process claim. Right, so do you want us to overrule that case? In the ideal world, yes, your honor, but the reality is that... Then why didn't you ask us to overrule it? In fact, you didn't even file a Rule 28 letter calling it to our attention. That case was brought to the court's attention by the defendants in this case. Yes, and you didn't file anything asking us to overrule it. It seems to be conclusive against you. Your honors, it is conclusive against... Alright, so oral argument's a little late to suggest the overruling of a recent precedent of this circuit. Our case, I'm bringing to your attention the fact that we recognize that our due process claims, in light of Saunders v. Rode, that this court has rejected our due process claims. However, our case doesn't just deal with a due process claim. The plaintiffs in this case are also alleging that their prosecution was, as a result of their prosecution that was based solely on... That's a state law malicious prosecution claim. The prosecution was brought in retaliation. Yes, this is a state law malicious prosecution claim, right? It would be the malicious prosecution. The prosecution in and of itself is a malicious prosecution, but the prosecution was brought in retaliation of Lou Bianchi's decision to seek and hold public office. There was a retaliatory animus for bringing the prosecution in violation of the First Amendment. Well, then you're just dead in the water because of prosecutorial immunity. I'm a little surprised to see a prosecutor trying to dilute prosecutorial immunity. We are not claiming a First Amendment retaliatory prosecution based on the decision, which we acknowledge is entitled to absolute immunity. The decision of the special state's attorney, Henry Tonegan, to bring these charges. His decision to bring those charges, he does have absolute immunity. However, the investigators that fabricated the evidence, that concealed exculpatory evidence, that created the case against Lou Bianchi and his employees, did so in retaliation of Lou Bianchi's First Amendment rights as well as the other plaintiffs. Their creation of this case against the plaintiffs, they are not entitled to absolute immunity for their creation of the case. The fabrication of the evidence, the concealment of the evidence was all done as part of the investigation. Defendant McQueen, who is the only defendant that could arguably have absolute immunity, was acting as an investigator during all of the conduct that's alleged in the complaint. What First Amendment harm was caused by that investigative conduct? It was in retaliation for Lou Bianchi's decision to... So what's the First Amendment harm as distinct from the harm from the prosecution itself, which you're now conceding apparently based on our circuit precedent, is not actionable as a due process violation? The First Amendment right to seek and hold public office. Lou Bianchi's... What's the harm that was suffered? He wasn't inhibited from doing that, right? Yeah, I'm sorry, the harm is that the defendants attempted, through an indictment, through a public office, thereby giving up his First Amendment right to hold public office. Indict him, force him to leave public office, force him to resign or be ousted. First Amendment right to hold public office? I've never heard of such a thing. The office belongs to the public, not to the officeholder. He... Lou Bianchi... No one has a right to hold public office. To seek public office. He was elected by the people and he was retaliated against based on his position as an elected political official. Right, but what harm did he suffer? He did not actually... It was the intent. He did not actually suffer... The harm was the prosecution itself. That's not actionable, right, as a due process violation because he was acquitted. Under the First... So what distinct, discreet First Amendment harm are you claiming for the retaliatory conduct? And there's an animus question, too, that the district court isolated here, but what harm did he suffer? The injury was the prosecution. How is that actionable as a First Amendment violation? Because the prosecution was brought in retaliation for the plaintiffs exercising their First Amendment rights. That was the reason for the prosecution. He would not have been prosecuted but for his position as an elected state's attorney, as the same applies to his employees. So the purpose of the prosecution, the motive behind the prosecution... I must say I'm completely lost. Of course he wouldn't have been prosecuted but for his holding the office because the allegation was that he committed crimes as an officeholder. It sounds like the argument you're because if they weren't holding office they wouldn't have committed the crime they were charged with committing. I understand your position but that is not what we're saying. What we are saying is not that he cannot be prosecuted based on what happens in public office, but the motivation behind the prosecution should be that there's actual evidence. The motivation behind the prosecution should not be to oust somebody. So can Senator Menendez, Sue, Attorney General Holder, all the people in the Justice Department who are prosecuting him saying this must be they don't like me as a senator. It sounds like your answer is yes and then prosecutorial immunity is pretty much worthless. Well two issues. Number one, a retaliatory prosecution claim... It is cheap to charge retaliation. The whole point of immunity is that it's cheap to make allegations but expensive to litigate about them. The retaliatory prosecution is not being brought against the state's attorney who has absolute immunity for his decision to prosecute. It's being brought against the individuals that created it. Senator Menendez sues the head of the FBI and says the FBI cooperated with the Department of Justice in bringing this prosecution because after all they searched my office. Retaliatory prosecution doesn't allow... Is there any politician who could not bring a First Amendment claim against the prosecutor or the prosecutor's assistants? Absolutely, because the claim requires a lack of probable cause. No, the claim doesn't require that. The proof might require that, but the claim doesn't require that. Let me ask you a different question. Is there a false arrest claim here? A Fourth Amendment claim? Is that part of your case? We do also make a Fourth Amendment false arrest claim as well. That is based on the fact that the plaintiffs were arrested without probable cause. Admittedly, they weren't arrested until after they've been indicted. That's correct. And isn't that a complete defense to a Fourth Amendment charge? The indictment conclusively establishes probable cause, or so judges keep saying. It is presumed that the indictment... The Supreme Court has said an indictment conclusively establishes probable cause, not that it's presumed to do something. The indictment was based purely... Do you think the Supreme Court is wrong in saying that an indictment conclusively establishes probable cause? Are we supposed to ignore the holdings of the United States Supreme Court? However, the indictment was based... The indictment had a shred of probable cause. You're responding to my questions about the law by saying, let's ignore the law, let's talk about the facts of this case. The Supreme Court has said an indictment conclusively establishes probable cause. That means it establishes probable cause. How do we get around that? The arrest itself is a false arrest claim. It was supported by the indictment. It postdated the indictment. If you have some answer to the Supreme Court's cases, you should give it now. This is your chance. But if all you want us to do is bypass, blow past the law, then you're going nowhere. Your Honor, in Juris v. McGowan, this Court held that although the rule is that when a defendant is arrested pursuant to a warrant, they don't have a Fourth Amendment claim, there is an exception when the... I'm not talking about a warrant. I'm talking about an indictment. There is a rule about the role of indictments in establishing probable cause. I wish you would address it rather than just hoping it goes away. The probable cause that was used to support the indictment did not exist. It was fabricated... All right, so you're just asking us to ignore the rule. Last term, there was a question whether assets could be forfeited and deprive the defendant of the attorney of his choice. And the Supreme Court said an indictment conclusively establishes probable cause. That means the defense is going to have their assets forfeited out from under them. You can't use them to pay for a lawyer and so on. Well, that's a holding of the Supreme Court. It didn't say the indictment sets up litigation about whether there was probable cause. It said it's conclusive. The allegations in our complaint are that the defendants brought about this arrest knowing that there was no probable cause, that they created a false indictment based on evidence that was created. You're just asking us to ignore the ruling of the Supreme Court. I'm not asking you to ignore this... When the Supreme Court says something is conclusive, it means it is not subject to litigation in a particular case. That's what the word conclusive means. I understand. Your Honors, unless there's any other questions at this time, I will reserve the remaining time for rebuttal. Okay. Thank you, Ms. Stanker. Mr. Bertocchi? Thank you, Your Honors. May it please the Court, Joe Bertocchi, on behalf of Tom McQueen. If I understand it, the due process claims have been conceded and so I will address really just one point that Ms. Stanker made when she talked about retaliation. And the only thing I would add to Judge Dow's analysis of it is if you take a look at paragraph 116 of the complaint at page 87 of our appendix, you will see that the plaintiffs on retaliation, as to Mr. McQueen at least, have pled themselves out of court by alleging that he had a financial motive for taking this position. And that alone, not to mention the deficiencies in their conspiracy claims on this regard, are enough of a reason to reject the retaliation claim. If there are no further questions, that's all I have on behalf of Mr. McQueen. Okay. Thank you, Mr. Bertocchi. Mr. Howie? May it please the Court. I'll be even briefer than Mr. Bertocchi. I'd be happy to answer any questions the Court might have with respect to my clients, the Quest defendants, but apart from that, I'm happy to stand on the briefs and on the argument this morning. Okay. Thank you. So, Ms. Stanker, how much time does she have? Too much to rebut. I think that's the one thing we can all agree on today. So unless there's any questions from the Court, I will rest on my argument. Okay. Well, thank you very much. We're going to take a slight recess. Thank you. Thank you. Just the cards. The cards.